) 241 (Rev. 5/85)

# PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### Instructions — Read Carefully

1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____ , you must pay the filing fee as required by the rules of the district court.

5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions to each court.

6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | Massachusetts |
|---|---|---|

| Name | Frederick Teal | Prisoner No. | Case No. |
|---|---|---|---|

Place of Confinement:
M.C.I. Norfolk
2 Clark Street
P.O. Box 43, Norfolk, MA 02056

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Frederick Teal | V. | Luis Spencer, Superintendent<br>P.O. Box 43<br>Norfolk, MA 02056 |

The Attorney General of the State of: Thomas Reilly

## PETITION

Name and location of court which entered the judgment of conviction under attack   Suffolk Superior
90 Devonshire St., Boston, MA  02109

Date of judgment of conviction   May 30, 2001

Length of sentence   three years to three years and a day; two years to two years and a day, from and after.

Nature of offense involved (all counts)   Trafficking of cocaine fourteen grams or more; trafficking in a school zone.

What was your plea? (Check one)
(a) Not guilty   ☒
(b) Guilty   ☐
(c) Nolo contendere   ☐

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
Does not apply.

If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury   x ☒
(b) Judge only   ☐

Did you testify at the trial?
Yes ☒ x   No ☐

Did you appeal from the judgment of conviction?
Yes ☒ x   No ☐

241 (Rev. 5/85)

If you did appeal, answer the following:

(a) Name of court  Massachusetts Court of Appeals

(b) Result  Conviction affirmed

(c) Date of result and citation, if known  March 23, 2004

(d) Grounds raised  (1) Did the admission of evidence recovered during the search of Mr. Teal's apartment create a substantial risk of a miscarriage of justice. See Exhibit A.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

  (1) Name of court  Supreme Judicial Court

  (2) Result  Affirmed

  (3) Date of result and citation, if known  _____

  (4) Grounds raised  See Exhibit B.

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

  (1) Name of court  Does not apply.

  (2) Result  -----

  (3) Date of result and citation, if known  -----

  (4) Grounds raised  -----

1. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐       No ☒

. If your answer to 10 was "yes," give the following information:
         Does not Apply.
(a) (1) Name of court  -----

  (2) Nature of proceeding  -----

  (3) Grounds raised  -----

(3)

241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result ___Does not apply._____

(6) Date of result ___-----_____

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___----_____

(2) Nature of proceeding ___----_____

_____

(3) Grounds raised ___----_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result ___---_____

(6) Date of result ___---_____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐    No ☒
(2) Second petition, etc.       Yes ☐    No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
___Does not apply._____

_____

_____

State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
  Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Did the admission of evidence recovered during a search of Mr. Teal's apartment create a substantial risk of a miscarriage of justice, where the evidence should have been suppressed due to the police officers' use of a ruse to gain entry.. (See Exhibit "C"

Supporting FACTS (state *briefly* without citing cases or law):
The defendant argue that the police violated the knock and announce rule by crossing the treshold of his apartment.

B. Ground two: Did the trial court abuse its discretion in denying Mr. Toal's motion for a mistrial where the Commonwealth elicited highly prejudicial prior bad acts evidence that the police had been buying drugs from his apartment for 2 weeks prior to the date of the indicted offense.

Supporting FACTS (state *briefly* without citing cases or law):

The defendant moved in limine that the Court Order the Commonwealth to instruct its witnesses not to mention out-of-court statements made by various informants and 'controlled buyers.;

(5)

AO 241 (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

_____

_____

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: Janet Macnab Attorney at Law, 33 Kingston St.- Suite 400, Boston, MA 02111

    (b) At arraignment and plea: Same as Above.

241 (Rev. 5/85)

(c) At trial  Jane Macnab See 15a.

(d) At sentencing  See 15c. Same as 15a.

(e) On appeal  Thomas C. Foley, P.O. Box 2187, South Hamilton, MA 01982.

(f) In any post-conviction proceeding  None

(g) On appeal from any adverse ruling in a post-conviction proceeding  Does not apply.

Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☒   No ☐

Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future:  Does not apply.

(b) Give date and length of the above sentence:  ----

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7/9/04
(date)

*Frederick Teal*
Signature of Petitioner

(7)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................... ii

ISSUES PRESENTED ................................................ 1

STATEMENT OF THE CASE ........................................... 2

    Prior Proceedings ........................................... 2

    Statement of Facts .......................................... 4

SUMMARY OF THE ARGUMENT ........................................ 15

ARGUMENT ....................................................... 17

I.   THE ADMISSION OF EVIDENCE RECOVERED AT THE SEARCH OF MR. TEAL'S APARTMENT CREATED A SUBSTANTIAL RISK OF A MISCARRIAGE OF JUSTICE; THE EVIDENCE SHOULD HAVE BEEN SUPPRESSED WHERE THE POLICE OFFICERS' USE OF A RUSE TO GAIN ENTRY TO MR. TEAL'S APARTMENT VIOLATED THE FOURTH AMENDMENT'S KNOCK AND ANNOUNCE RULE, AS WELL AS THE EVEN GREATER RIGHTS UNDER ARTICLE 14 OF THE MASSACHUSETTS DECLARATION OF RIGHTS. ......... 16

II.  THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. TEAL'S MOTION FOR A MISTRIAL WHERE THE COMMONWEALTH ELICITED HIGHLY PREJUDICIAL PRIOR BAD ACTS EVIDENCE THAT THE POLICE HAD BEEN BUYING DRUGS FROM HIS APARTMENT FOR TWO WEEKS PRIOR TO THE DATE OF THE INDICTED OFFENSES. ................... 41

CONCLUSION ..................................................... 50

RECORD APPENDIX ................................................ 51


EXHIBIT "A"

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 02-P-1414

COMMONWEALTH

vs.

FREDERICK TEAL.

Pending in the Superior

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Judgments affirmed.

By the Court,

_____, Clerk

Date March 23, 2004

TRUE:
The original of the within rescript
with notice in due course, pursuant
to M.R.A.P.23

APPEALS COURT

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

02-P-1414

COMMONWEALTH

vs.

FREDERICK TEAL.

## MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The defendant, Frederick Teal, appeals from his convictions of (1) trafficking in cocaine with a weight greater than fourteen grams, in violation of G. L. c. 94C, § 32E (b)(1); (2) trafficking in cocaine within a school zone in violation of G. L. c. 94C, § 32J, and (3) possession of marijuana in violation of G. L. c. 94C, § 34.

The defendant asserts two claims of error: (1) the police officers' use of a "ruse" to gain entry into his dwelling violated the knock and announce rule; and (2) the trial judge abused his discretion in denying his motion for a mistrial based on the prosecutor's use of prior bad acts evidence. We discern no error.

Background. We briefly sketch the facts adduced at trial. Sergeant Detective Daniel Linskey testified that he decided to execute the search warrant for the defendant's apartment by use of a ruse about looking for a sick child. (Tr. II:105-107) The

purpose of the ruse was to get the residents of the apartment to open the door, thereby avoiding a forcible entry. (Tr. II:106-107) With a peaceful entry, the police officers believed they could avoid a situation dangerous to both the residents and the police and minimize property damage. (Tr. II: 73-74, 106-107)

Two uniformed police officers approached the apartment building at 15 Mascoma Street in Dorchester and rang all of the doorbells. (Tr. II:32) One of the residents buzzed the police officers in, at which point another resident on the second floor landing asked the officers what they needed. (Tr. II:32) Officer John Broderick replied that the police had received a call about an injured child. The residents who had gathered on the landing yelled down that they had not called. Officer Broderick knocked on the front door of the defendant's apartment, apartment #1, the target of the search. (Tr. II:32) Tiffany Gomes opened the door for the two uniformed officers.[1] (Tr. II:33) The officers asked her if she had called "911" about a sick child. She replied that she had not. As she replied, other Boston police officers entered the front door of the apartment building. (Tr. II:33) Some of the officers were in plain

---

[1] Tiffany Gomes, whose real name is Janet Gordon, testified that she had lived with the defendant for four months and that the crack cocaine belonged to her. (III:27, 31-32) It may also be noted that Gomes had already pleaded guilty to charges related to this case, including one for conspiring with the defendant to traffick in cocaine. (Tr. III:54)

2

clothes, wearing "Boston Police Raid Jackets," their badges displayed on the front. (Tr. II:61)

The officers announced "Boston Police Search Warrant." (Tr. II:33) Gomes attempted to close the door (Tr. II:34), but the officers entered the one-bedroom apartment and within ten seconds, secured both Gomes and the defendant, the only occupants inside the apartment. (Tr. II:58) After Gomes and the defendant were handcuffed, Sergeant Detective Linskey read them their Miranda rights. (Tr. II:109) The defendant asked to see the search warrant and, after reading it, said, "All we have is on the bed."[2] (Tr. II:109)

On the top of the bed, the officers observed a razor blade, a rock of cocaine, a plastic bag with two rocks of cocaine, a second plastic bag with sixteen small individual wrapped plastic bags containing cocaine, and a plate with cocaine residue on it. (Tr. II:37-45) The cocaine recovered by the police weighed more than twenty-three (23) grams. (Tr. II:42, 45) The police testified that the packaging of the cocaine was consistent with techniques used in the street sale of crack cocaine. (Tr. II:43)

---

[2] Officer Linskey also testified during the suppression hearing that the defendant stated, "I knew you guys were out there. I saw you doing surveillance in a van earlier. I thought you were out there earlier. I figured you were coming eventually." (Mtn. 58)

3

Analysis.

1. Knock and announce. The defendant contends that the police officers violated the requirement that they "knock and announce" before entering his apartment to execute a search warrant by using a "ruse" to gain entry.[3] We disagree. The case of Commonwealth v. Villar, 40 Mass. App. Ct. 742 (1996), controls the instant circumstances in material respects. "[T]he use of [a] 'Somerville Pop Warner' ruse by the police to have the door opened was not improper. 'A consensual entry by the police, even if obtained by ruse or trickery, will not violate the [knock-and-announce] rule.'" Id. at 746, quoting from Commonwealth v. Goggin, 412 Mass. 200, 202 (1992). See Commonwealth v. Sepulveda, 406 Mass. 180, 182-183 (1989).

In his brief, the defendant contends that Massachusetts common law regarding the "knock and announce" requirement was effectively overruled by Wilson v. Arkansas, 514 U.S. 927 (1995). (D.Br. 17-21) The defendant misapprehends the holding in that

---

[3] The defendant failed to address properly or raise the "knock and announce" argument before the motion judge. "Because these contentions were never presented to the [motion] judge, they are not technically before us, except under the standard of a substantial risk of miscarriage of justice." Commonwealth v. Scala, 380 Mass. 500, 510 (1980). In the recently released opinion, Commonwealth v. Silva, 440 Mass. 772, 781 (2004), the Supreme Judicial Court stated, "A motion to suppress 'shall state the grounds on which it is based and shall include in separately numbered paragraphs all reasons, defenses, or objections then available, which shall be set forth with particularity.' Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979) [footnote omitted]. Commonwealth v. Robles, 48 Mass. Appt. Ct. 490, 491 n.1 (2000)."

case. See id at 936. Wilson is inapposite, as there, unlike here, the officers' entry was unannounced. See id. At 929. Here, the motion judge found that a team of Boston Police Officers in the execution of the "knock and announce" search warrant "were successful in inducing the occupants of the apartment to open the door to the unit by ruse." (R. 36) This clever, yet nonthreatening ruse created a consensual entry.[4] See Commonwealth v. Cundriff, 382 Mass. 137, 146 (1980).

2. Mistrial. The trial judge properly denied the defendant's motion for mistrial. See Commonwealth v. Gallagher, 408 Mass. 510, 517 (1990). See also Commonwealth v. Gollman, 436 Mass. 111, 113-114 (2002).

The defendant contends that the prosecutor elicited an improper statement from Sergeant Detective Linskey.[5] The defendant styles this argument as an unfair reference to prior bad acts. The defendant contends that this amounts to propensity evidence. The defendant, however, ignores the fact that Detective Sergeant Linskey's single fleeting (never referred to

---

[4] In fact, at trial the defendant testified that when Gomes told him the police were at the door, he told her "tell them to come in if they want to see. There is no baby here." (Tr. III:70-71)

[5] The defendant points to a single statement by Sergeant Detective Linskey that he had asked Gomes whether the bags of cocaine the police "have been buying out of this apartment for the past couple of weeks" would have her fingerprints on them. (Tr. II:110)

5

again) statement in no way conflicted with the defendant's theory of the case.[6] Moreover, the defendant failed to request a limiting instruction to the jury. "[T]here is no requirement that the judge give limiting instructions sua sponte." Commonwealth v. Sullivan, 436 Mass. 799, 809 (2002). See Commonwealth v. Leonardi, 413 Mass. 757, 764 (1992). "Nor does the lack of a limiting instruction necessarily create a substantial likelihood of a miscarriage of justice." . Commonwealth v. Sullivan, 436 Mass. 799, 809 (2002). See Commonwealth v. Roberts, 433 Mass. 45, 48 (2002)

Judgments affirmed.

By the Court (Laurence, Brown, & Berry, JJ.),

First Assistant Clerk

Entered: March 23, 2004.

---

[6] Nor may the defendant persuasively argue undue prejudice in light of the testimony the defendant himself elicited during cross-examination of Sergeant Detective Linskey that his defense witness, Robert Sheehan, had admitted that he had bought drugs from both Gomes and the defendant. (Tr. II:129-130)

6

ISSUES FOR WHICH FURTHER APPELLATE REVIEW IS SOUGHT:

1. Did the admission of evidence recovered during the search of Mr. Teal's apartment create a substantial risk of a miscarriage of justice, where the evidence should have been suppressed due to the police officers' use of a ruse to gain entry to Mr. Teal's apartment in violation of the Fourth Amendment's knock and announce rule and the even greater protections under article 14 of the Massachusetts Declaration of Rights?

2. Did the trial court abuse its discretion in denying Mr. Teal's motion for a mistrial where the Commonwealth elicited highly prejudicial prior bad acts evidence that the police had been buying drugs from his apartment for two weeks prior to the date of the indicted offenses?

STATEMENT WHY, IN THE INTERESTS OF JUSTICE, FURTHER APPELLATE REVIEW IS APPROPRIATE:

1. THE MASSACHUSETTS KNOCK AND ANNOUNCE RULE.

The issue raised by Mr. Teal before the Appeals Court was whether the admission of evidence recovered during the search of Mr. Teal's apartment created a substantial risk of a miscarriage of justice, where the evidence should have been suppressed due to the police officers' use of a ruse to gain entry to Mr. Teal's apartment in violation of the Fourth

EXHIBIT "B"

16