UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK TEAL,
    Petitioner,

v.                           Civil Action No. 04-11634-RGS

LUIS SPENCER,
    Respondent.

### PETITIONER'S OPPOSITION MOTION TO RESPONDENT'S MOTION TO DISMISS

Now comes the petitioner, who respectfully moves this Honorable Court to deny the respondent's motion to dismiss.

The respondent asserts that the petitioner has presented claims where relief can not be granted due to petitioner has failed to exhaust the claims raised in his petition for writ of habeas corpus. (See Respondent's mot.)

Petitioner asserts that he has exhausted the two (2) issues presently before this Court. The petitioner states that on May 23, 2003, he filed his direct appeal to the Massachusetts Appeals Court raising two issues: (1) the admission of evidence recovered at the search of Mr. Teal's apartment created a substantial risk of miscarriage of justice; the evidence should have been suppressed where the police officers' use of a ruse to gain entry to Mr. Teal's apartment violated the Fourth Amendments 'knock and announce' rule, as well as the even greater rights under Article 14 of the Massachusetts Declaration of Rights; and (2) the trial court abused its discretion in denying Mr. Teal's motion for mistrial where the Commonwealth's elicited highly prejudicial

1

prior bad acts evidence that the police had been buying drugs from his apartment for two weeks prior to the date of the indicted offense. (See Exhibit "A").

On July 3, 2003, the Commonwealth filed its brief raising three (3) issues: (1) the defendant's claim that the police violated the knock and announce rule is waived since, during his motion to suppress, the defendant never presented his contention to the motion judge that the polices' use of a ruse in executing the search warrant had violated his constitutional rights; (2) the motion judge properly denied the defendant's motion to suppress where the police used a ruse to gain peaceable entry to the defendant's apartment; and (3) the trial judge properly denied the motion for mistrial when the defendant complained of one comment which was fleeting and, in fact, supported the defendant's theory of the case. (See Exhibit "B").

Subsequently, the petitioner filed an Reply Brief, countering the Commonwealth's argument raising the following issues: (1) contrary to the Commonwealth's claim, the proper standard of review, as argued in Mr. Teal's principal brief, is whether the admission of evidence in violation of Mr. Teal's constitutional rights created a substantial risk of miscarriage of justice; (2) the Commonwealth's arguments on the issue concerning the constitutional 'knock and announce' requirement rely on faulty premises; Mr. Teal does not "misapprehend" the holding in Wilson v. Arkansas, and despite the Commonwealth's claims, the police did not make a "peaceable" entry; and (3) the

admission of evidence that police were buying drugs out of Mr. Teal's apartment for two weeks prior to his arrest did not, as the Commonwealth claims support his theory of the case, and was not harmless for any of the other reasons asserted by the Commonwealth. (See Exhibit "C"). The Massachusetts Appeals Court affirmed the petitioner's conviction on March 23, 2004. See Exhibit "D."

On April, 2004, the petitioner filed an application for further appellate review with the Supreme Judicial Court ("SJC"), raising the following issues: (1) Did the admission of evidence recovered during the search of Mr. Teal's apartment created a substantial risk of miscarriage of justice; where the evidence should have been suppressed due to the police officers' use of a ruse to gain entry to Mr. Teal's apartment violated the Fourth Amendments' knock and announce rule, as well as the even greater rights under Article 14 of the Massachusetts Declaration of Rights; and (2) Did the trial court abused its discretion in denying Mr. Teal's motion for a mistrial where the Commonwealth's elicited highly prejudicial prior bad acts evidence that the police had been buying drugs from his apartment for two weeks prior to the date of the indicted offense. These were the same identical issues raised in the Massachusetts Court. See Exhibit "E."

The petitioner has established that he has exhausted the issues presented in his federal habeas corpus by presenting the two (2) issues to the highest Court in Massachusetts the Supreme

Judicial Court for these reasons mentioned above the respondent's motion to dismiss should be denied.

Under well-established Massachusetts law, on further appellate review "all issues that were before the Appeals Court are before [the SJC], including issues not addressed in the application ]for further appellate review]" Commonwealth v. Burno, 396 Mass. 622, 623 (1986)(emphasis added), see also Commonwealth v. Lombard, 419 Mass. 585, 593 (1995); Bradford v. Baystate Medical Ctr., 415 Mass. 202, 204 (1993); Ballantine v. Town of Plymouth, 363 Mass. 760, 761 n. 2 (1973). Such plenary review is practiced as a matter of general rule, rather than as an exceptional exercise of discretion. See Id. As the above-cited cases demonstrate, Massachusetts imposes no procedural bar against the SJC's consideration of issues argued to the Appeals Court but not identified in application for further appellate review. The SJC reserves entirely to itself the decision as to what issues, if any, will be reviewed should it allow an FAR application.

In addition, there is nothing in Massachusetts law preventing the SJC from granting further review as to only some of the questions contained in the application, or from rejecting all of them and choosing instead to review a question that was before the Appeals Court but omitted from the application. In any event, the SJC has made it clear that it will routinely exercise its discretion to review Appeals Court cases in its entirely.

Under Massachusetts law, omission of an issue from an application for further appellate review is neither a "procedural

4

misstep," nor does it work a forfeiture of the issue. The petitioner therefore cannot on that basis be barred from federal habeas review of his claims, which has been presented and exhausted to the Supreme Judicial Court.

## CONCLUSION

For the foregoing reasons, petitioner has clearly proven to this Honorable Court that he has exhausted all issues presented to this Honorable Court, and therefore prays that this Court deny the respondent's motion to dismiss, allowing the petitioner to proceed with his petition for habeas corpus.

Respectfully submitted,

*Frederick Teal*

Frederick Teal
P.O. Box 43
Norfolk, MA 02056

Dated: 8/31/04

## CERTIFICATE OF SERVICE

I hereby declare that I have mailed a copy of the foregoing upon Susanne Reardon, AAG at One Ashburton Place, Boston, MA 02108-1598, by first class mail, postage prepaid on this 31st day of August, 2004.

Dated: 8/31/04

*Frederick Teal*

Frederick Teal
P.O. Box 43
Norfolk, MA 02056