UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11634-RGS

FREDERICK TEAL

v.

LUIS SPENCER

MEMORANDUM AND ORDER
ON RESPONDENT'S MOTION TO DISMISS

March 2, 2005

STEARNS, D.J.

On July 19, 2004, Frederick Teal, acting *pro se*, petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Before the court is respondent's motion to dismiss the petition.

On May 30, 2001, Teal was convicted by a jury in the Suffolk Superior Court of trafficking cocaine in a net weight greater than fourteen grams, trafficking cocaine within 1,000 feet of a school, and possession of marijuana. The marijuana conviction was placed on file with Teal's consent. Teal received concurrent sentences of three years to three years and a day, and two years to two years and a day for the cocaine-related offenses.

On direct appeal, Teal asserted two grounds for relief: (1) that evidence seized during the search of his apartment should have been suppressed because police gained entry into his apartment by a "ruse" in violation of the Fourth Amendment's "knock and

announce" rule and the Massachusetts Declaration of Rights; and (2) that the trial court abused its discretion in denying Teal's motion for a mistrial after the Commonwealth introduced evidence of prejudicial "bad acts" implicating Teal in prior uncharged sales of drugs from his apartment. The convictions were affirmed by the Massachusetts Appeals Court on March 23, 2004. Commonwealth v. Teal, 60 Mass. App. Ct. 1123, 805 N.E.2d 532 (2004) (Rule 1:28 decision). Teal then filed an Application for Leave to Obtain Further Appellate Review (ALOFAR) with the Supreme Judicial Court (SJC), identifying the same two issues that had been raised before the Appeals Court. On May 3, 2004, the SJC denied the ALOFAR. Commonwealth v. Teal, 441 Mass. 1107, 807 N.E.2d 830 (2004) (table).

In the instant petition, Teal originally asserted the same grounds for relief that were rejected by the Appeals Court and the SJC in the state post-conviction proceedings. As the Commonwealth's highest Court had had the opportunity to review these claims, they were exhausted and ripe for federal habeas review. However, this fruitful landscape was significantly altered by the fact that on the same day that Teal filed this petition, he also filed a motion to amend his claims. Teal seeks leave to amend "should the need arise in this matter," by supplementing Ground One to assert that

> the adjudication of this claim by the Massachusetts Appeals court resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Furthermore, the adjudication by the Massachusetts Appeals Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In addition, Teal seeks to amend Ground Two by adding the assertion that

the adjudication of this claim by the Massachusetts Appeals court resulted in a decision that was contrary to and involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States.

It is difficult to distill the theory on which Teal bases the proposed amendments to his petition as he offers no facts in support of his motion. The proposed amending language simply tracks the decisional standard of the habeas statute, 28 U.S.C. § 2254(d)(1).[1] In addition, Teal suggests that the proposed amendments be considered only "should the need arise." This implies some oblique tactical sally on Teal's part, but nothing is offered by way of explanation as to what Teal might have in mind. It is not the role of the court to litigate on behalf of a petitioner by deciding on his behalf whether the need has arisen to amend his petition. See Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). Consequently, I will disregard the provisional basis on which the motion is presented and, deferring to Teal as the master of his own petition, I will allow it.

As amended, the petition exudes a muddier complexion. As previously noted, in its original form, Teal's petition contained two fully exhausted claims ripe for federal habeas

---

[1] 28 U.S.C. § 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

review. However, as amended, Teal's petition injects a claim of an unreasonable application of federal law into Ground Two that was never presented to the state court. Therefore, Ground Two as amended is unexhausted and the petition is a "mixed" one in the peculiar lexicon of habeas litigation.[2]

The AEDPA requires that all grounds raised in a federal habeas petition first be exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine is intended to minimize any potential friction that might arise between "federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Martens v. Shannon, 836 F.2d 715, 718 (1st Cir. 1988), quoting Duckworth v. Serrano, 454 U.S. 1, 2 (1981) (per curiam). Thus, before federal habeas jurisdiction attaches, "the substance of a federal habeas corpus claim must first be presented to the state courts." Nadworny v. Fair, 872 F.2d 1093, 1095 (1st Cir. 1989), citing Picard v. Connor, 404 U.S. 270, 278 (1971). The pertinent question is whether a reasonable jurist in the state court proceedings would have been alerted to the existence of a federal question by a petitioner's use of "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like . . . ." Nadworny, 872 F.2d at 1101.

---

[2]Ground One appears to have been fully exhausted in any event. In its unpublished opinion, the Appeals Court analyzed the police officers' use of a ruse in light of both state court and Supreme Court precedent. In addition, it reviewed the evidence presented at trial.

Teal's direct appeal did nothing to alert the Appeals Court or ultimately the SJC to the existence of any federal claim affecting Ground Two.  Rather, Teal's focus in Ground Two was on the trial court's alleged abuse of discretion, a not unimportant claim but one implicating state evidentiary rules rather than federal law.  He made no "arguable mention, suggestion, clue, hint, or intimation of the constitutional claims," and as a result the Appeals Court did not address any federal issue in its opinion.  Mele v. Fitchburg District Court, 850 F.2d 817, 823 (1st Cir. 1988).  "In short, the most meticulous search on the part of the state court would have turned up nothing suggesting that petitioner was making a federal due process argument."  Gagne v. Fair, 835 F.2d 6, 8 (1st Cir. 1987) (citation omitted).  Accordingly, Ground Two is not exhausted.

The remaining issue is whether the petition should be stayed to provide Teal an opportunity to return to the state court to exhaust his claim (or to re-amend his petition to restore the exhausted claims), or whether the petition can be properly dismissed.  The Supreme Court, prior to the enactment of the AEDPA, had directed district courts to dismiss mixed petitions without prejudice where there had been a failure to exhaust.  See Rose v. Lundy, 455 U.S. 509, 514 (1982).  However, the AEDPA has introduced a genuine sense of urgency in habeas proceedings as its one-year statute of limitations is tolled only during the pendency of *state* post-conviction proceedings and not during *federal* habeas proceedings.  Duncan v. Walker, 533 U.S. 167, 181-182 (2001).

The holding in Duncan led to a concern that the dismissal of a mixed petition on exhaustion grounds where a petitioner had run out the one-year clock would mean that a potentially meritorious claim might never be heard.  In response, the First Circuit

recommended that district courts employ a so-called "stay and abey" procedure in appropriate circumstances. A stay, rather than a dismissal, "will be the preferable course in many cases involving 'mixed' petitions – and it may be the only appropriate course in cases in which an *outright dismissal threatens to imperil the timeliness* of a collateral attack." Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001) (emphasis added). Once an action is stayed, the petitioner may either amend his petition to drop the unexhausted claims and obtain immediate habeas review, or he may return to state court to exhaust the unexhausted claims before proceeding with the federal petition. See Nowaczyk v. Warden, 299 F.3d 69, 76-80 (1st Cir. 2002) (reviewing cases). The First Circuit has "especially commend[ed]" the use of a stay in instances where the original habeas petition, although unexhausted, is timely filed, "but [where] there is a *realistic danger* that a second petition, filed after exhaustion has occurred, will be untimely." Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (emphasis added).

In Teal's case, there is no realistic danger that a second petition will be untimely. Thus, a dismissal is appropriate. Pursuant to 28 U.S.C. § 2244(d)(1), the one-year limitations period begins to run on the date on which the "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The SJC denied Teal's ALOFAR on May 3, 2004. Although Teal chose not to do so, he had the right to seek review by the United States Supreme Court within ninety days of the denial of his ALOFAR. His conviction therefore became final when the 90-day period for applying for a grant of certiorari expired. Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004). Thus, the judgment became final on August 1, 2004, and Teal's one-year window to file

his federal habeas petition began to run on August 1, 2004, with a presumptive expiration date of August 1, 2005. Accordingly, approximately five months remain before the limitations period expires.

If Teal chooses to pursue the new claim in Ground Two in state court, the federal limitations period will be tolled from the date he files a proper application in state court until the date the SJC makes a final determination.[3] If the determination is favorable to Teal, that ends the matter. If it is adverse, the habeas clock will start to run again, and Teal will have the balance of the five months remaining in the AEDPA limitations period to file a petition asserting what will now be his exhausted claims in federal court.

The circumstances of Teal's case differ from those presented in Delaney and Neverson, where the petitions were filed after the close of the AEDPA's one-year grace period for prisoners whose convictions became final prior to the enactment of the AEDPA. In both of these cases, the court considered (and ultimately rejected) requests for equitable tolling. See Delaney, 264 F.3d at 16; Neverson, 366 F.3d at 44. In Nowacyzk, the First Circuit indicated that with several months remaining in the limitations period, and a warning from the district court that the petitioner would need to return promptly to federal court as soon as the state court decided his unexhausted claims, "Neverson and Delaney

---

[3]The statute of limitations is tolled whenever "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The First Circuit has held that an application is considered "pending" when it is being considered by the trial or appellate court, and during the "gap" between the initial disposition and the petitioner's timely filing of a petition for review at the next level. Nowacyzk, 299 F.3d at 71.

probably would not have prevented the district court from dismissing it." Nowacyzk, 299 F.3d at 80. Teal is hereby warned.[4]

---

[4]A recent decision of the Supreme Court holds that a district court is *not* required to give warnings to *pro se* litigants about their options upon dismissal of a mixed petition. See Pliler, 124 S.Ct. at 2446.

## ORDER

For the foregoing reasons, respondent's motion to dismiss is A<u>LLOWED</u>. The petition is <u>DISMISSED</u> without prejudice.

          SO ORDERED.

          /s/ Richard G. Stearns

          _____
          UNITED STATES DISTRICT JUDGE