UNITED STATES DISTRICT COURT
JOHN MOAKLEY U.S. COURTHOUSE
JUDGE: RICHARD G. STEARNS Suite 7130
1 Courthouse Way
Boston, Ma. 02210

04-11634

8/15/05

Frederick Teal
 N. E. C. C.
P. O. Box 1069
W.Concord,Ma.01742

July 14, 2005

RE: STATE REMEDIES, STALLED!

   Dear Judge Stearns, Sir I respect you for your integrity in resolving me in the area of State remedies, which I done so. I filed reconsideration sentence in Suffolk Superior Court in Jan 2005, documented on docket sheet. Filed a habeas corpus in Middlesex Superior Court on May 31, 2005. With all due respect, Sir, these State remedies have stalled and the window I had in your court room expires on Aug 1, 2005. I realize how very busy you are, what I would like to know is, what else can I do to get my day in court. I wrote everyone, that I could think of in helping me in resolving this issue in the State court. Time is running out, I have 14 months to wrap up this sentence, before I know it, I have a feeling that this sentence will be over before I will be brought into court, the way it is going. I regret to keep asking, can you help me? Thank you.

                                              Sincerely Yours,
                                              Frederick Teal
cc/ 2 copies                                  Frederick Teal

June 6, 2005

Frederick Teal
NECC Concord Farm
P.O.Box 1069
Concord, MA. 01742

Clerk of Courts
Middlesex County
Civil Action
Edward J. Sullivan Courthouse
Cambridge, MA. 02141

Re: Teal -vs- Saba   Civil Action No. MICV2005-01831-J

Dear Clerk Lynch,

    On 5/31/05 the above numbered cause of action was properly entered with your court. The matter involved is the subject of a Writ of Habeas Corpus Petition where I'm seeking my release from unlawful restraint.
    Pursuant to the laws of the Commonwealth, the clerk of the court where my petition was accepted and filed should have served a copy to the named respondents on the petition.
    Without the other party receiving notice of my claim, I cannot properly address the court and seek my release from unlawful restraint.
    Would you kindly make available to the opposing party a copy of any and all materials, including my petition so that the legal process can move forward in a most timely fashion?
    I than you for your time and complete assistance in this matter. I wait your prompt and respectful reply.

                                          Very truly yours,

cc/ 2 copies                                Frederick Teal

June 23, 2005

Clerk of Courts
James Lynch
Middlesex county
Superior Court

RE: C.A. No: 05-1831

Dear Mr Lynch,

On May 31, 2005, you filed with your court my petition for Writ of Habeas Corpus Petition, seeking release from Unlawful Restraint.

As we both know, MGL.ch.248 §§ 1-40 contains all the statutory language and applicable laws that are to be applied in my situation.

I'm very concerned as to why your office hasn't served the respondent, James Saba, with a notice and a copy of the petition? See MGL.ch.248 :37

I'm requesting that this oversight be immediately corrected and the respondent properly notified, so I can be brought before the court for argument seeking my release from unlawful restraint.

Thank you once again. If there's something that I need to know, contact me.

Very truly yours,

Frederick Teal
P.O. Box 1069
W. Concord, MA 01742

Frederick Teal
P. O. Box 1069
W.COncord,Ma.01742

June 24, 2005

Dear Mr. Rehnquist:

I need your help Sir, I read that you do Pro Bono work. I filed a habeas corpus in Middlesex Superior Court, can you help me the court is giving me the run around they are stalling. enclosed is a copy of the motion. Thank You!

Sincerely Yours

_____
Frederick Teal

Regional Co-ordinator
Administrative Office
90 Devonshire Street
Boston, Ma. 02109


Frederick Teal
P. O. Box 1069
W.Concord,Ma.01742
                                              July 5, 2005


RE: Frederick Teal Docket#05-1831

Dear Co-ordinator

    Please take note that on numerous occasions I have attempted to be habed back into court.
    Recently I filed a motion for Habeas Corpus in Middlesex Superior Court, in may 05, 2005 and Mr. James Lynch had told
    my brother Leroy Brown that your brother has to serve the respondent in certified mail and when he get the receipt to
    send him a copy to the court and then court will process it to be marked up.
    I paid my 15 dollar fee, what happened to the 5 days the clerk suppose to mark it up for a hearing?

Mr. Leroy Brown
4 Whitman Street
Dorchester,Ma.02124
Tel.#(617)436-8354

Middlesex Superior court
Mr. James Lynch
Tel.#(617)494-4010 Ext.4247,9b


                                                     Sincerely Yours

                                                     _____
                                                     Frederick Teal

                                          Frederick Teal
                                          N. E. C. C.
                                          P. O. Box 1069
                                          W.Concord,Ma.01742

                                                      June 26, 2005

Dear Thomas Reilly:

    Who's above the law? That's the question, whether the trial Judge (Spurlock,J) abuse his discretion or committed an error of law where Judicial integrity fails. His Honor Spurlock should have known, and should have been most sensitive to the defendant constitutional rights. If a "criminal is to go free because the constable has blundered." (people v. Defore),242 N.Y.13,21.150N.E.585(1926)(cardozo,J), perhaps the criminal should go free as well because the Judge blundered.

    Breaking or evading laws is a serious breach of the public trust. Judge should care foremost about whether he correctly applies the law of the state and nation, including the Fourth Amendment and Art.14 of the Declarations of Rights. Ideally, he should be indifferent as to whether a particular piece of evidence is admitted at trial or a particular defendant is convicted. (Judicial integrity has limited role in determining whether to apply exclusionary rule in a particular context). "The primary meaning of 'Judicial integrity' in the context of evidentiary rules is that the courts must not commit or encourage violations of the Constitution." United States v. Janis 428U.S.433,458-459N.35,96S.CT.3021,3034N.35,49L.ED.2d1046(1976) Although "[t]he criminal goes free, it must,...it is the law that sets him free. Nothing can destroy a government more quickly than its failure

Frederick Teal
 N. E. C. C.
P. O. Box 1069
W.Concord,Ma.01742

July 5, 2005

Mr. David Nathanson
Staff Attorney
Criminal Appeals Unit
Private Counsel Division

Dear Mr. Nathanson,

Rule 29. Revision or revocation of Sentence: The trial judge upon his own motion or the written motion of a defendant filed within 60 days after the imposition of a sentence, within 60 days after receipt by the trial court of a rescript issued upon affirmance of the judgement or dismissal of the appeal, or within 60 days after entry of any order or judgement of an appellate court denying review of, or having the effect of upholding, a judgement of conviction, may, upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not been done. If within 60 days after sentence has been imposed, the trial judge for any reason feels the sentence that has been imposed is to harsh, he is permitted to reduce it sua sponte, although he is not permitted to consider events occurring after the original imposition. Comm. v. Sitko,Mass.Adv.Sh.(1977) 668, 676-78, 363 N.E.2d 303.

The 60-day period established by the rule is absolute, and the trial judge has no power to extend the time within which the motion must be filed or within which the sentence may be altered sua sponte. Mass.R.Crim.P. 46(b); That an increase in the sentence once execution has commenced is not permitted has, however, long been settled. United States v. Benz,51S.Ct.113,282U.S.304, 307-09,75L.Ed.354(1931); Ex parte Lange,85U.S.(wall.)163,167-74,21L.Ed.872(1873). A mistake in the mittimus under which a defendant is serving his sentence may be corrected at any time because such a revision does not change the sentence imposed, only the transcription of that sentence. Bolduc v. commissioner of Correction,355Mass.765,247N.E2d561(1969).

Very truly yours,

Frederick Teal

Frederick Teal
N. E. C. C.
P. O. Box 1069
W.Concord,Ma.01742

July 5, 2005

Dear Mr. Cordy:

I understand that you are in SJC,"Innocence Commission" Reassessment, Criminal Justice System. I would like to know if you think this report has any merits worth pursuing. I was found guilty, by a jury of my peers, sentence to 3yr to 3yr1D F&A 2yr to 2yr1D upon 2wks from wrapping up 1st sentence, a letter was issued to questioning the sentence of 2nd sentence which should of been a 2½yr to 2½yr at state time, so now comes the court brings me into court on a revise and revoke. I never advise or requested a revise and revoke, at the time of this happening I was still the appeals of law, attorney at trial was there representing me when she dismissed herself from the case upon filing the appeal, anyway I was offered to go to county to do the 2yr bid, I refused because I realize that I was giving a illegal sentence. I was told by the attorney that the Judge is going to give me 6 more months to the 2yr sentence now making it a 2½yr sentence. What his Honor did'nt realize was that he had 60 days from time of sentencing to correct any mistakes not 2wks. before 3yr. sentence was to be completed. Okay, here comes the loop as to say I filed, a habeas corpus in Middlesex Superior Court in May 2005, reading the statute and subsections pertaining to writ of habeas corpus petitions the clerk is suppose to send a copy to respondents and mark it up for a hearing within 5 days! What happened? Why wasn't it marked up? I still haven't

(2)

been brought into court to be heard in this matter, it has been well over the allotted time for me to be brought to court, I written numerous agencies and still haven't received the justice to which I'm entitled to. This serious matter of the Judge abusing his discretion, committing an error of law and trying to sweep it under the rug, knowing he has the power to do what he likes, that he can get away with it because, I'm in prison and, who are the people going to believe, the Judge or me? The late Dr. Martin Luther King Jr. stated "Injustice anywhere is a threat to justice everywhere." I've been more than patient, even reluctant to write, wondering if anything righteous would come out of this. Will you help me?  Thank You.

Sincerely Yours

Frederick Teal

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET#: **MICV2005-01831-J**

RE:  Teal v Saba

TO:  Frederick Teal
NECC (Concord-Farm)
P.O.Box 1069 1 Barretts Mil Rd.
Concord, MA 01742

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **05/31/2005** the following entry was made on the above referenced docket:

**Petition for writ of habeas corpus**
Dated at Cambridge, Massachusetts this 31st day of May, 2005.

Edward J. Sullivan,
Clerk of the Courts

BY: James Lynch
Assistant Clerk

Telephone: 617-494-4010 EXT 4274

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

cvdgeneric_2.wpd 2737720 pethab pottaril

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss:  SUPERIOR COURT  **05-1831**
CIVIL ACTION
No. _____

FREDERICK TEAL,
Petitioner

-vs-

JAMES SABA,
Superintendent



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
OR THE COUNTY OF MIDDLESEX
MAY 31 2005

## PETITION FOR WRIT OF HABEAS CORPUS
## SEEKING RELEASE FROM UNLAWFUL RESTRAINT

To the Superior Court at Cambridge, Commonwealth of Massachusetts, now in session in the County of Middlesex.

Frederick Teal (the 'petitioner') in this cause of action, moves this Honorable Court, pursuant to M.G.L.ch. 248, § 1-25, and the Constitution Pt. 2, ch. 6, Article 7 of the Massachusetts Declaration of Rights, seeking his release from unlawful restraint from an illegally imposed two and one half to two and one half and one day prison sentence.

Petitioner states that the instant sentence is not illegal on its face, but in the manner in which it was

Frederick Teal
N.E.C.C.
West Concord, Ma. 01742

Clerk's Department
Criminal Business
90 Devonshire Street
Boston, Ma. 02109

January 28, 2005

Re: <u>COMMONWEALTH</u> v. <u>TEAL</u>, <u>No. 00-10324-002</u>

Dear Clerk's Department,

   Enclosed for filing, please find the defendant's motion entitled "Defendant's motion for court to reconsider it's 2½ years to 2½ years and one day sentence imposed on April 28, 2004, pursuant to Mass.R.Crim.P. Rule 29(a) and request for hearing", a memorandum in support of, and a certificate of service. Please place this matter before the court at your soonest convenience.
   Thank you for your attention to this matter.

Respectfully,

Frederick Teal, pro-se

CC: ADA King, file

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                DOCKET NO. 00-10324-002

```
_____
                      )
COMMONWEALTH          )
                      )
                      )
     V.               )
                      )
                      )
FREDERICK TEAL        )
_____)
```

### DEFENDANT'S MOTION FOR COURT TO RECONSIDER IT'S 2½ YEAR TO 2½ YEARS AND ONE DAY SENTENCE IMPOSED ON APRIL 28, 2004, PURSUANT TO MASS.R.CRIM.P. RULE 29(a) AND REQUEST FOR HEARING

Now comes the defendant in the above entitled action Frederick Teal, pro-se, and moves this honorable court to reconsider it's 2½ years to 2½ years and one day sentence, which was illegally imposed on April 28, 2004 pursuant to Mass.R.Crim.P. Rule 29(a). The defendant submits that the reasons therefore are attached hereto in the defendant's memorandum of law in support of this motion. The defendant further moves for a hearing on this motion.

Respectfully submitted
by the defendant, pro-se,                       January 14, 2005

_____
Frederick Teal
N.E.C.C.
Post Office Box 1069
West Concord, Ma. 01742

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                SUPERIOR COURT DEPARTMENT
                                            DOCKET NO. 00-10324-002

```
                    )
COMMONWEALTH        )
                    )
                    )
    V.              )
                    )
                    )
FREDERICK TEAL      )
```

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR COURT TO RECONSIDER IT'S 2½ YEARS TO 2½ YEARS AND ONE DAY SENTENCE IMPOSED ON APRIL 28, 2004, PURSUANT TO MASS.R.CRIM.P. RULE 29(a) AND REQUEST FOR HEARING

**RELEVANT PRIOR PROCEEDINGS**

On June 27, 2001 a jury convicted the defendant Fredrick Teal ("Teal") of trafficking in cocaine in violation of M.G.L. c.94C §32E 00-10324-001) and a school zone violation, M.G.L. c. 94C §32J.

That same day, the court (Spurlock, J.) sentenced Teal to to serve three (3) years to three (3) years and one day on the trafficking charge ("001 sentence") and to two (2) years to two (2) years and one day on the school zone violation ("002 sentence"). Both terms, respectively, were to be served in state prison. The latter was to be "from and after".

On April 13, 2004, a letter authored by a Department of Correction employee ("DOC letter") was filed with the clerk's department in the Sufflok Superior Court concerning the 002 sentence.

On April 28, 2004, Teal was brought before the court as a result of the DOC letter. On that same day, the court revoked the prior 002 sentence of two (2) years to two (2) years and one day, and revised it to two and one half (2½) to two and

one half years (2½) and one day to be served in state prison, "from and after" the 001 sentence. The court increased the prior 002 sentence by at least six (6) months and seemingly imposed the sentence pursuant to Mass.R.Crim.P. Rule 29(a). See, docket entry sheet no. 28. The court, nor any filings concerning the increase in the previous 002 sentence made reference to Mass.R.Crim.P. Rule 42.

On May 10, 2004 Teal's 001 sentence expired and he entered into the revised 002 sentence "from and after".

On May 6, 2004, the Suffolk Superior Court Clerk's Department received the resript from the Massachusetts Appeals Court. Teal's convictions were affirmed.

Teal's request for a free copy of the transcript of the April 28, 2004 hearing was denied (Spurlock, J.).

No motion for revoke or revise, pursuant to Mass.R.Crim.P. Rule 29(a) was ever filed by Teal, pro-se, or by either of his assigned attorneys after the conviction, sentencing, or otherwise.

### ARGUMENT

A motion for revoke or revise may be filed by a defendant within sixty (60) days after imposition of a sentence, within sixty (60) days after receipt by the trial court of a rescript issued upon affirmance of the judgement or dismissal of the appeal, or within sixty (60) days after the entry of any order or judgement of an appellate court denying review of, or having the effect of upholding, a judgement of conviction. Mass.R.Crim.P. Rule 29(a).

Likewise, a court on it's own motion may, within the sixty (60) days prescribed above, adjust a sentence if it feels that "...justice may not have been done", id.

3.

The sixty day period established by this rule, id, is absolute and the trial judge has no power to extend the time within which the motion must be filed or within which the sentence may be altered, sua sponte. See also, Mass.R.Crim.P Rule 46(b) (Court may not extend the time for taking any action under rules 25 and 29 except to the extent and under the circumstaces stated therein).

A mistake in the mittimus may be corrected at any time if such a revision does not change the sentence imposed. BOLUC V. COMMISSIONER OF CORRECTION, 355 Mass. 765 (1969). Also, if a court intends to correct a clerical mitake, such mistake may be corrected provided that any appeal is not yet docketed in an appellate court, or thereafter if an appeal is pending, with leave of that appellate court.

This memorandum raises the question of whether the court, during the so-called revoke and revision hearing, imposed the new 002 sentence "...contrary to law...", COMMONWEALTH V. RICHARDS, 44 Mass.App.Ct. 478, 481 (1998) because strict jurisdictional limits for the time to file any such Rule 29(a) motion had expired. See, COMMONWEALTH V. CEPULONIS, 18 Mass.App.Ct. 919, 919 (1984). (Superior court's decision to deny revise or revoke motion filed years after conviction upheld).

Teal's contention is that, because the absolute time limit expired, the court lacked discretion to vacate and revise the 002 sentence upon receipt of the DOC letter pursuant to Mass.R.Crim.P. Rule 29(a). Moreover, this is not a case where a court's sentence was misinterpreted at sentencing and then incorporated on Teal's mittimus. It is clear from the trial record that the court imposed an intitial term of two (2) years to two (2) years and one day in state prison. A sentence which was actually illegal. See, M.G.L. c. 94C, §32J.

Teal submits that the court made no written findings which suggested that "...justice may not have been done." Mass.R.Crim.P. Rule 29(a). Furthermore, it did not consider factors not mitigated during the time of sentencing, only that the sentence was obviously illegal under the section of law which Teal was found guilty of violating. This action in increasing Teal's former 002 sentence by six months was not only unwarranted, but also had been barred by strict time limits set forth in Rule 29(a), id. A simple remedy could have been applied. For example, M.G.L. c.94C, §33J allowed for the court to correct the illegal sentence by compelling Teal to serve his sentence at a house of correction, without increasing the sentence. Still, time limits under Rule 29(a) barred even that remedy. Teal never filed a Rule 29(a) motion, nor did the Commonwealth or the court seek to adjust the actually illegal sentence until it was brought to the clerk department's attention by the DOC merely eight (8) to ten (10) days prior to Teal's 001 sentence was set to expire. As noted above, the court may have sought leave from the appellate court as Teal's direct appeal was still pending during the time of resentencing. See, Mass.R.Crim.P. Rule 42.

## CONCLUSION

Because Teal's sentence was increased, and done so in violation of strict Rule 29(a) time limits, this court should reduce Teal's sentence to time served, or in the alternative, it should afford the defendant with a total of one hundred eighty 180 days credited toward the 002 sentence, having the effect of eliminating the six months which Teal's sentence was increased by.

5.

Respectfully Submitted,
by the defendant, pro-se,

Dated: January 28, 2005

---
Frederick  Teal
N.E.C.C.
Box 1069
W.Concord, Ma. 01742

# CERTIFICATE OF SERVICE

I, Frederick Teal, the defendant in the case of COMMONWEALTH v. FREDERICK TEAL, Suffolk Superior Court Number 00-10324-002, hereby certify that on this 28th day of January, 2005 I forwarded one copy of the defendant's motion entitled "Defendant's motion for court to consider it's 2½ years to 2½ years and one day sentence imposed on April 28, 2004, pursuant to Mass.R.Crim.P. Rule 29(a) and request for hearing", and also a memorandum in support of. to:

>Masai-Maliek King
>Assistant District Attorney
>For the Sufflok County
>One Bulfinch Place
>Boston, Ma  02114

---

Frederick Teal
NECC
Box 1069
West Concord, Ma. 01742