05/15/05
=411634
part II

May 12, 2005

Frederick Teal Pro se
P.O.Box 1069
1 Barretts Mill Rd.
W.Concord, MA. 01742


Arthur DeGuglielmo
Superior Court Clerk
Civil Action
40 Thorndike St.
Cambridge, MA. 02141



RE: Habeas Corpus Petition


Clerk DeGuglielmo,

   Please find enclosed the following;

1. Civil Action Cover Sheet
2. Habeas Corpus Petition
3. Affidavit in Support of Habeas Corpus Petition
4. Exhibits 1 and 2
5. Certificate of Service
6. Writ of Habeas Corpus Ad Testificandum


   Please take note that the fifteen dollar filing fee is also enclosed, and was sent by the institutional treasurers office in the form of a check.

   Would you kindly abide by the Habeas Corpus Rules and mark this matter up in a due and diligent fashion? Also there is an extra copy of the above mentioned documentation that this Court needs to serve upon the Respondent. I thank you for your full attention and your complete assistance in this matter. I wait your respectful reply.

                                        Very truly yours,

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>Middlesex County Civil Division | DOCKET NUMBER |
|---|---|---|

**PLAINTIFF(S)** Frederick Teal

**DEFENDANT(S)** James SABA, Supt.

**ATTORNEY(S) FIRM NAME, ADDRESS AND TEL.)**
Pro se  P.O. Box 1069
1 Barretts Mill Rd.
W. Concord, MA. 01742

Board of Bar Overseers # (Required)

**ATTORNEY(S) (if known)**
Unknown at this time

## ORIGIN CODE AND TRACK DESIGNATION

Place an ☒ in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. c 231, s. 104 (F)
☐ 3. F03 Retransfer to Sup. Ct. c 231, s. 102C (X)

☐ 4. F04 District Ct. Appeal c231, s. 97 (X)
☐ 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R Civ. P. 60 (X)
☐ 6. E10 Summary process appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E97 | Prisoner's Habeas Corpus Petition | (X) | ☐ Yes  ☒ No |

1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)

Petitioner is currently serving an illegal sentence, and his argument relies on the provisions of the Massachusetts Rules of Crim. P. Rule 29(a).

2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:

N/A

3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

N/A

**NATURE OF ATTORNEY OF RECORD OR PLAINTIFF**
Frederick Teal Pro se

**DATE** 5/14/05

**OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE**

**DISPOSITION**

A. Judgment Entered
☐ 1. Before jury trial or non-jury hearing
☐ 2. During jury trial or non-jury hearing
☐ 3. After jury verdict
☐ 4. After court finding
☐ 5. After post trial motion

B. No Judgment Entered
☐ 6. Transferred to District Court under G.L. c.231, s.102C.
Disposition Date _____

RECEIVED
BY:
DATE
DISPOSITION ENTERED
BY:
DATE

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss:                          SUPERIOR COURT
                                        CIVIL ACTION
                                        No. _____

FREDERICK TEAL,
Petitioner

-vs-

JAMES SABA,
Superintendent

## WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Now comes the Petitioner Frederick Teal, appearing pro se in the above captioned action, and requests that this Honorable Court isssue a writ of habeas corpus ad testificandum to the Superintendent, James Saba of NECC, whose address is P.O.Box 1069, 1 Barretts Mill Rd. West Concord, Massachusetts 01742. directing him to bring forth the petitioner Frederick Teal before the court on such date and time as it deems fair and just, and until the case is properly disposed of.

DATED: May 12 2005

Respectfully submitted,

Frederick Teal
Frederick Teal Pro se
P.O.Box 1069
1 Barrets Mill Rd.
W. Concord, MA. 01742

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss:                              SUPERIOR COURT
                                            CIVIL ACTION
                                            No. _____


FREDERICK TEAL,
Petitioner

-vs-

JAMES SABA,
Superintendent


PETITION FOR WRIT OF HABEAS CORPUS
SEEKING RELEASE FROM UNLAWFUL RESTRAINT

To the Superior Court at Cambridge, Commonwealth of Massachusetts, now in session in the County of Middlesex.

Frederick Teal (the 'petitioner') in this cause of action, moves this Honorable Court, pursuant to M.G.L.ch. 248, § 1-25, and the Constitution Pt. 2, ch. 6, Article 7 of the Massachusetts Declaration of Rights, seeking his release from unlawful restraint from an illegally imposed two and one half to two and one half and one day prison sentence.

Petitioner states that the instant sentence is not illegal on its face, but in the manner in which it was

(2)

imposed raises a clear question of the denial of due process in violation of the Fourteenth Amendment to the United States Constitution. Which is cognizable pursuant to M.G.L.ch. 248, the Massachusetts habeas corpus statute.

This petition will respectively show that:

1. Petitioner is currently serving a sentence of 2½ years to 2½ years and one day at NECC (Concord-Farm), P.O.Box 1069, 1 Barretts Mill Rd. West Concord, Massachusetts 01742.

2. He is being imprisoned and restrained of his liberty by the Superintendent James Saba of NECC, who lists his address as the same found in paragraph one.

3. On June 27, 2001, the petitioner was convicted by a jury on two Suffolk County Indictments charging him with drug offenses.

4. On Indictment No. 2000-10324-001, Trafficking in Cocaine, in violation of M.G.L.ch. 94C § 32E, petitioner received a sentence of 3 years to 3 years and one day (hereafter the 'A' sentence). On Indictment No. 2000-10324-002, in violation of M.G.L.ch 94C § 32J, selling drugs in a school zone, petitioner received a sentence of 2 years to 2 years and one day. Said sentence to be served 'from and after' the 'A' sentence under Indictment No. 2000-10324-001.

5. After both sentences were imposed, neither party objected to the legality of the consecutive sentencing scheme imposed.

(3)

6. Pursuant to Mass. R. Crim. P. Rule 29(a), on June 27, 2001, if the trial judge felt that the consecutive sentencing scheme that he imposed under both Indictment Nos. 2000-10324-001 and 2000-10324-002, was too harsh, he had sixty days to reduce them sua sponte. From reviewing the docket entries, Exhibit '2', a timely revise and revoke motion was never filed. So therefore the judge was then not permitted to consider events occurring after the original sentences were imposed.

7. On August 27, 2001, the sixty day period that is clearly established by Rule 29 in which to file a revise and revoke motion was the deadline that all interested parties had to file such a motion and no one followed up.

8. So on April 28, 2004, the trial judge in this cause of action, had no power to extend the time within which the motion must be filed or within which the sentence under the instant Indictment No. 2000-10324-002 may be increased.

9. Pursuant to the provisions of Mass. R. Crim. P. Rule 29, to increase the petitioner's prior sentence under Indictment No. 2000-10324-002, of 2 years to 2 years and one day, to 2½ years to 2½ years and one day as the sixty day period that is established by law had expired some 32 months prior, was clearly a violation of due process under the Fourteenth Amendment to the United States Constitution.

## CONCLUSION

Based upon the backdrop of this clearly established law, and from a review of Exhibit '2', the docket entries, when the judge acted sua sponte on his own motion, when he revoked the petitioner's sentence on April 28, 2004, the sentence was improperly increased from 2 years to 2½ years and thus was illegal.

Petitioner requests that this Honorable Court make a judicial determination that where the time to revise and revoke had expired, that on April 28, 2004 the judge lacked the power to alter the original consecutive sentence of 2 years to 2 years and one day to 2½ years to 2½ years and one day under Indictment No. 2000-10324-002. Mass. R. Crim. P. Rule 29(a), 378 Mass. 899 (1979).

In all fairness to the petitioner, the revocation order revising the original 2 year sentence and imposing the 2½ year sentence should be vacated as the procedure in which it was imposed was clearly illegal.

Therefore, a Writ should issue to the Superintendent James Saba, to bring forth before the Court, the petitioner, to vacate this prior commitment and immediately release him from unlawful restraint.

Furthermore, since the issue raised by the petitioner is clearly a due process violation, and evidentiary hearing should be marked up in order to resolve this matter expeditiously.

## CERTIFICATE OF SERVICE

I, Frederick Teal, hereby certify that I have on this day served the foregoing Writ of Habeas Corpus Petition, Affidavit in Support of Habeas Corpus Petition, attached Exhibits 1 and 2, by mailing, first class, postage prepaid, 2 copies of same to Superior Court, Civil Division, Arthur DeGuglielmo, Middlesex County Superior Court, 40 Thorndike St., Cambridge, MA. 02141.

DATED:_____          Respectfully submitted,

                                      _____
                                      Frederick Teal Pro se
                                      P.O.Box 1069
                                      1 Barretts Mill Rd.
                                      W. Concord, MA. 01742

cc/3cpys

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss:                                    SUPERIOR COURT
                                                  CIVIL ACTION No. _____

FREDERICK TEAL,
Petitioner

-vs-

JAMES J. SABA,
Superintendent

AFFIDAVIT IN SUPPORT OF
WRIT OF HABEAS CORPUS PETITION
SEEKING RELEASE FROM UNLAWFUL RESTRAINT

I Frederick Teal, depose and state the following;

1. I am the petitioner in the above captioned action.

2. I make this affidavit in support of my Writ of Habeas Corpus Petition requesting immediate release from unlawful restraint.

3. On June 27, 2001, a jury convicted me on two Suffolk County Indictments, Nos. 2000-10324-001 and 2000-10324-002, that charged drug offenses. (See attached hereto, and marked as Exhibit '1', copies of the indictments).

4. On the same day as I was convicted, June 27, 2001, the superior court sentenced me as follows;
Indictment No. 2000-10324-001- Convicted of Trafficking in Cocaine, in violation of MGL.ch. 94C § 32E. Sentenced to 3 years to 3 years and one day (the 'A' sentence).
Indictment No. 2000-10324-002- Convicted of a School Zone Violation under MGL.ch. 94C § 32J. Sentenced to 2 years and one day, said sentence was to be served 'from and after' the 'A' sentence (the "B" sentence).

5. After the sentences were imposed, pursuant to the prescribed statutory law, Massachusetts Rules of Criminal Procedure 29(a), no motion was ever discussed or filed by either my attorney or the prosecutor to revise or revoke either sentence.

(2)

6. On or about August 27, 2001, while I was serving the 'A' sentence under Indictment No. 2000-10324-001, the sixty day period that's prescribed by the statutory law that governs the Massachusetts Rules of Criminal Procedure, Rule 29(a) had expired in which the parties were to file a timely revise and revoke motion if they felt that the sentences that were imposed on June 27, 2001 were unjust. ( See attached hereto and marked as Exhibit '2', a copy of the superior court docket entries.)

7. With only approximately one month left remaining to be served on the 'A' sentence of 3 years to 3 years and one day, on April 10, 2004 I was called to the institutional case workers office and questioned about the legality of my 'from and after' sentence of 2 years to 2 years and one day imposed upon me on Indictment nO. 2000-10324-002.

8. The case worker told me that the Department of Corrections was concerned as to why I was serving the 'B' sentence of 2 years to 2 years and one day in state prison and not a house of corrections.

9. Since I had no explanation, the case worker told me that she was drafting a letter sent by the Department of Corrections to the Clerk's Office at the Suffolk County Superior Court questioning the legality of the 'from and after' sentence under Indictment No. 2000-10324-002. ( See Exhibit '2', Letter received from D.O.C. and per order of Spurlock RAJ case is set down for resentencing on offense #002.)

10. On April 28, 2004, I was habed into the Suffolk County Superior Court as the result of the D.O.Cs. letter that made reference to the legality of the 'from and after' sentence of 2 years to 2 years and one day under Indictment No. 2000-10324-002.

11. After reviewing the letter, the superior court judge took it upon his own to revoked the prior sentence of 2 years to 2 years and one day, by revising it to 2½ years to 2½ years and one day to be served 'from and after' the sentence then being served, the 'A' sentence. (See Exhibit '2'.)

12. The superior court judge increased my prior 'B' sentence under Indictment nO. 2000-10324-002 by six months, making it

(3)

2½ years to 2½ years and one day to be served 'from and after' the 'A' sentence under Indictment No. 2000-10324-001.

13. The sixty day rule established by Rule 29(a) of the Massachusetts Rules of Criminal Procedure is absolute and expired on or about August 27, 2001. Therefore, the superior court in this cause of action had no authority to extend the time within which to revise and revoke the sentence of 2 years to 2 years and one day under Indictment No. 2000-10324-002 on April 28, 2004.

14. On May 10, 2004, the 'A' sentence of 3 years to 3 years and one day under Indictment No. 2000-10324-001 terminated. I was discharged from this sentence and commenced serving the 'revised sentence' of 2½ years to 2½ years and one day under Indictment No. 2000-10324-002.

15. The impostion of the instant sentence that I'm currently serving under this Indictment No. 2000-10324-002 is illegal in that the superior court judge was without authority and jurisdiction after the sixty day period had expired in which to revise and revoke sentence.

       SIGNED UNDER THE PAINS AND PENALTIES OF PREJURY ON
THIS DAY _____, 2005.

                                        Respectfully submitted,

                                        _____
                                        Frederick Teal Pro se

**INDICTMENT**  Trafficking in Cocaine
C. 94C, §32E (b) (1)

2000-10324-001

## Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS, begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the year of our Lord two Thousand.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

### FREDERICK TEAL,

on February 15, 2000, did traffick in cocaine, a derivative of coca leaves, a Class B controlled substance under the provisions of G.L. c. 94C, § 31, by unlawfully, knowingly, and intentionally possessing with intent to distribute a net weight of fourteen grams or more of a mixture containing cocaine.

A TRUE BILL

_Katherine Roth_  _Deborah H. Albert_
Assistant District Attorney    Foreman of the Grand Jury

MAR 2 1 2000
Superior Court Department - Criminal Business        March, Sitting, 2000

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

_John A. Nucci_
Clerk Of Court

8

INDICTMENT    C. 94C, §32J

*2000-10324-002*

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS, begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the year of our Lord Two Thousand.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## FREDERICK TEAL,

on February 15, 2000, within one thousand feet of the real property comprising the Martin Luther King Jr. School, a public elementary or secondary school, did traffick in cocaine, a derivative of coca leaves, a Class B controlled substance under the provisions of G.L. c. 94C, § 31.

A TRUE BILL

_Katherine Hutch_  
Assistant District Attorney

_Deborah Albert_  
Foreman of the Grand Jury

MAR 2 1 2000  
Superior Court Department - Criminal Business

March, Sitting, 2000

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

_John A. Nucci_  
Clerk Of Court

9

MAS-20040909  Case 1:04-cv-11634-RGS   Document 15-2   Filed 08/15/2005   Page 14 of 20   03/30/2005
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket
12:32 PM

## SUCR2000-10324
## Commonwealth v Teal, Frederick

| | | | | | |
|---|---|---|---|---|---|
| File Date | 03/21/2000 | Status | Disposed (appeal denied) (dapden) | | |
| Status Date | 05/06/2004 | Session | 2 - Criminal 2 Ctrm 806 | | |
| Jury Trial | Unknown | Origin | I - Indictment | | |
| Lead Case | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Arraignment | 03/20/2000 | Track | | Final PTC | 06/18/2000 |
| Disp. Deadline | 03/20/2001 | Deadline Status | Deadline active since return date | Status Date | 04/11/2000 |
| Pro Se Deft | No | Custody Status | Norfolk MCI | Start Date | 04/13/2004 |
| Weapon | | Substance | | Prior Record | Unknown |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 02/15/2000 | 094C:032E:b1 | Guilty verdict | 05/30/2001 |
| | Traffic in controlled substance, 14-27g | | | |
| 2 | 02/15/2000 | 094C:032J | Guilty verdict | 05/30/2001 |
| | Controlled substnc, school property | | | |
| 3 | 02/15/2000 | 094C:040 | Dismissed | 06/27/2001 |
| | Controlled substnc, conspiracy | | | |
| 4 | 02/15/2000 | 094C:032A:b | Not guilty finding | 05/30/2001 |
| | Class B substnc, distrib/manufac, 2nd/subsqnt offense | | | |
| 5 | 02/15/2000 | 094C:034.1 | Filed (guilty verdict) | 06/27/2001 |
| | Controlled substnc, possess | | | |
| 6 | 02/15/2000 | 094C:032J | Not guilty finding | 05/30/2001 |
| | Controlled substnc, school property | | | |

### PARTIES

**Plaintiff**
Commonwealth
Gender: Unknown
Active 03/22/2000

**District Atty's Office 561915**
Katherine P Hatch
Suffolk County District Atty's Office
1 Bulfinch Place
Boston, MA 02108
Phone: 617-619-4000
Fax: 617-619-4145
Inactive 03/13/2001

**District Atty's Office 630812**
Kevin R Hayden
Suffolk County District Atty's Office
1 Bulfinch Place
3rd floor
Boston, MA 02114
Phone: 617-619-4000
Fax: 617-619-4009
Inactive 03/30/2001

Case 1:04-cv-11634-RGS   Document 15-2   Filed 08/15/2005   Page 15 of 20

MAS-20040909                                                           03/30/200
                    **Commonwealth of Massachusetts**                  12:32 PM
                         SUFFOLK SUPERIOR COURT
                              Case Summary
                             Criminal Docket

## SUCR2000-10324
## Commonwealth v Teal, Frederick

**Private Counsel 635730**
Masai-Maliek King
Suffolk County District Atty's Office
1 Bulfinch Place
3rd floor
Boston, MA 02114-2997
Phone: 617-619-4000
Fax: 617-619-4210
Inactive 04/13/2004 Notify

**Private Counsel 550478**
Rosemary Daly
Suffolk County District Atty's Office
1 Bulfinch Place
3rd floor
Boston, MA 02114
Phone: 617-619-4000
Active 04/13/2004

**Defendant**
Frederick Teal
15 Mascoma Street Apt. #1
Boston, MA 02121
DOB: 10/01/1956
Gender: Male
Active 03/21/2000

**Private Counsel 339140**
John K McNabb
PO Box 325
Buzzards Bay, MA 02532
Phone: 508-759-3740
Withdrawn 04/13/2004

**Private Counsel 312170**
Janet McNab
33 Kingston Street
4th Floor
Boston, MA 02111
Phone: 617-482-0263
Fax: 617-451-5462
Active 04/26/2004

**Private Counsel 313370**
Richard J Maggi
73 Chestnut Street
Springfield, MA 01103
Phone: 413-734-4500
Fax: 413-731-1302
Inactive 04/26/2004 Notify

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

## SUCR2000-10324
## Commonwealth v Teal, Frederick

**Witness**
Tiffany Gomes
MCI Framingham
Gender: Female
Aka Janet Gordon (inmate # 36826)
Active 05/22/2001

**Probation officer**
Sandy Stillwell
Chief Probation Officer
Suffolk County Probation Dept
Boston, MA 02109
Gender: Unknown
Active 11/30/2001 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/21/2000 | 1.0 | Indictment returned |
| 03/21/2000 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed (Spurlock, RAJ) |
| 03/21/2000 | | Summons for arraignment issued |
| 04/04/2000 | | Comes into court. Deft waives reading of indictment. |
| 04/04/2000 | | Deft arraigned before Court |
| 04/04/2000 | | Appointment of Counsel John K McNabb pursuant to Rule 53. |
| 04/04/2000 | | Bail set: $7500.00 Cash. *to be transferred from Dorchester District Court. |
| 04/04/2000 | | Legal counsel fee assessed: $100.00 |
| 04/04/2000 | | RE Offense 1:Plea of not guilty |
| 04/04/2000 | | RE Offense 2:Plea of not guilty |
| 04/04/2000 | | RE Offense 3:Plea of not guilty |
| 04/04/2000 | | RE Offense 4:Plea of not guilty |
| 04/04/2000 | | RE Offense 6:Plea of not guilty |
| 04/04/2000 | | RE Offense 5:Plea of not guilty |
| 04/04/2000 | | Bail warning read |
| 04/04/2000 | | Deft notified of right to request drug exam |
| 04/04/2000 | 3.0 | Commonwealth files Statement of the Case. |
| 04/04/2000 | 4.0 | Commonwealth files Certificate of Discovery. Wilson, A/CM - K. Hatch, ADA - K.Canty, Court Reporter - J.McNabb, Atty. |
| 05/09/2000 | 5.0 | Comes into Court. Pre-trial conference report filed. Wilson, AC/M - K. Hatch, ADA - J. Gibbs, Court Reporter - J. McNab, Attorney |
| 01/09/2001 | 6.0 | Motion by Deft: motion to suppress statements and affidavit in support. |
| 03/12/2001 | 7.0 | Deft files Motion to Suppress Evidence and affidavit in support thereof. |
| 04/02/2001 | | Comes into Court. |
| 04/02/2001 | 8.0 | Deft files Memorandum of law in support of Motion to Suppress statements and evidence. |

MAS-20040909 Case 1:04-cv-11634-RGS   Document 15-2   Filed 08/15/2005   Page 17 of 20   03/30/200
12:32 PM

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR2000-10324
## Commonwealth v Teal, Frederick

| Date | Paper | Text |
|---|---|---|
| 04/02/2001 | 9.0 | Commonwealth files Memorandum in opposition to defendant's motion to suppress the search warrant. |
| 04/02/2001 | | After hearing re: Defendant's motion to suppress evidence and motion to suppress statements, Court takes motions under advisement. Quinlan,J-M.King, ADA-M.MacDonald, Court Reporter-J.MacNab, Attorney. |
| 04/02/2001 | 10.0 | ORDERED: Memorandum of Decision and Order denying Defendant's Motion to Suppress evidence and Motion to Suppress Statements, filed. Quinlan,J. |
| 04/06/2001 | 11.0 | Deft files Motion for funds for investigator. |
| 04/06/2001 | | Motion (P#11) allowed up to an amount of $750.00. Quinlan, J. |
| 05/22/2001 | | Case transferred to second session for trial on 5/24/2001 |
| 05/24/2001 | | Comes into Court |
| 05/24/2001 | 12.0 | Deft files motion in limine |
| 05/24/2001 | | Motion (P#12) is allowed by agreement. |
| 05/24/2001 | 13.0 | Deft files motion for voire dire question to jury |
| 05/24/2001 | | Motion (P#13) is allowed. |
| 05/24/2001 | 14.0 | Deft files motion in limine |
| 05/24/2001 | | Motion (P#14) is denied after hearing. |
| 05/24/2001 | | Commonwealth moves for trial on offenses #001,002,004,005 and 006. Court Spurlock J. orders 14 jurors inpannelled. |
| 05/24/2001 | | Appointment of Counsel John Courtney under rule 53 to represent witness Tiffney Gomes aka Janet Gordon |
| 05/24/2001 | | Hearing re: fifth admendment rights of witness Tiffney Gomes after hearing Court rules that witness has fifth admendment rights. Witness elects to testified against counsel advice. |
| 05/24/2001 | | Court takes Commonwealth's oral motion in limine to excude testimony of Tiffney Gomes aka Janet Gordon underadvisement. D. Cullinan Court Reporter |
| 05/25/2001 | | Comes into Court |
| 05/25/2001 | | Court denies Commonwealth's oral motion in limine to exclude testimony of Tiffney Gomes aka Janet Gordon. |
| 05/25/2001 | | Jury sworn. Issue read. |
| 05/25/2001 | | Commonwealth rests its case in chief. K. Canty Court Reporter |
| 05/29/2001 | | Comes into Court |
| 05/29/2001 | | Trial continues. Defendant rests its case. |
| 05/29/2001 | | Court orders jury reduced to twelve members and designates jurors Joanna Bond and Felicia Cerrato as alternate jurors. Jury question #1 mark A for identification. D. Cullinan Court Reporter |
| 05/30/2001 | | Comes into Court |
| 05/30/2001 | | Jury resumes deliberations. Jury question #2 mark B for identification. Jury question #3 mark C for identification |
| 05/30/2001 | | RE Offense 1:Guilty verdict |
| 05/30/2001 | 15.0 | Verdict affirmed, verdict slip filed |
| 05/30/2001 | | RE Offense 2:Guilty verdict |
| 05/30/2001 | 16.0 | Verdict affirmed, verdict slip filed |
| 05/30/2001 | | RE Offense 4:Guilty verdict |

MAS-20040905 Case 1:04-cv-11634-RGS   Document 15-2   Filed 08/15/2005   Page 18 of 20   03/30/2005
12:32 PM

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR2000-10324
## Commonwealth v Teal, Frederick

| Date | Paper | Text |
|---|---|---|
| 05/30/2001 | 17.0 | Verdict affirmed, verdict slip filed |
| 05/30/2001 | | RE Offense 5:Guilty verdict |
| 05/30/2001 | 18.0 | Verdict affirmed, verdict slip filed |
| 05/30/2001 | | RE Offense 6:Guilty verdict |
| 05/30/2001 | 19.0 | Verdict affirmed, verdict slip filed |
| 05/30/2001 | | Defendant oral motion to set aside the verdict on offenses #004 and #006 is allowed after hearing, Commonwealth not objecting thereto |
| 05/30/2001 | | RE Offense 4:Not guilty finding |
| 05/30/2001 | | RE Offense 6:Not guilty finding. Defendant discharged as to offenses #004 and #006 |
| 05/30/2001 | | Commonwealth moves for sentencing on offenses #001,002, and #005 |
| 05/30/2001 | | Bail set on 04/04/2000 is revoked and order defendant committed to Common Jail on a mittimus without bail. |
| 05/30/2001 | | On oral motion of the Commonwealth Court orders exhibits 1 thru 12 and 17 and 18 destroyed, order of destruction stayed thirty days after disposition on 6/27/2001. Spurlock J - M. King ADA - D. Cullinan Court Reporter - J. McNab Attorney |
| 06/26/2001 | 20.0 | Deft files sentencing memorandum. |
| 06/27/2001 | | Brought into Court. Hearing re: Sentencing. |
| 06/27/2001 | | Sentence imposed: as to offense #001 - MCI Cedar Junction - Max: Three Years and One Day - Min: Three Years. Mittimus issued. |
| 06/27/2001 | | Sentence credit given as per 279:33A: 28 days of said sentence. |
| 06/27/2001 | | Victim-witness fee assessed: $60.00 |
| 06/27/2001 | | Assessment of $150.00 re: Criminal Assessment. |
| 06/27/2001 | | Sentence imposed: as to offense #002 - MCI Cedar Junction - Max: Two Years and One Day - Min: Two Years from and after sentence imposed on offense #001. Mittimus issued. |
| 06/27/2001 | | Sentence credit given as per 279:33A: 0 days of said sentence. |
| 06/27/2001 | | Notified of right of appeal under Rule 64 |
| 06/27/2001 | | RE Offense 5:Filed (guilty verdict), upon oral motion of the Commonwealth. Court Orders offense placed on file after a verdict guilty, defendant assenting thereto. |
| 06/27/2001 | | RE Offense 3:Dismissed, upon oral motion of the Commonwealth, defendant assenting thereto. |
| 06/27/2001 | | Abstract sent to RMV |
| 06/27/2001 | | Notified of right of appeal under Rule 65. Spurlock, RAJ - M. King, ADA - N. Gagnon, Court Reporter - J. MacNab, Attorney |
| 07/06/2001 | 20.1 | Deft files pro se: appeals from sentence to M. C. I. Cedar Junction |
| 07/06/2001 | | Deft files pro se: appeals from sentence to M.C.I. Cedar Junction. (Spurlock, RAJ, DelVecchio, CJ and S. Stillwell, CPO) (Notice sent 11/30/2001) |
| 07/11/2001 | 21.0 | Deft files Notice of Appeal. |
| 07/11/2001 | 22.0 | Deft files Motion to withdraw. ( Spurlock, RAJ notified w/copy 7/17/01) |
| 07/11/2001 | 23.0 | Deft files Motion for appointment of Appellate Counsel. (Spulock, RAJ notified w/copy 7/17/01) |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
Case Summary
Criminal Docket

## SUCR2000-10324
## Commonwealth v Teal, Frederick

| Date | Paper | Text |
|---|---|---|
| 07/30/2001 | | Motion (P#22) allowed. |
| 07/30/2001 | | Motion (P#23) allowed. CPCS Division appointed to represent defendant. Spurlock, RAJ |
| 07/31/2001 | | Copy of notice of appeal mailed to Spurlock, J and M.King, ADA |
| 07/31/2001 | | Court Reporter M.McDonald is hereby notified to prepare one copy of the transcript of the evidence of April 2, 2001 for Hearing on Motion to Suppress Evidence and Statements before Quinlan, J |
| 07/31/2001 | | Court Reporter D.Cullinan is hereby notified to prepare one copy of the transcript of the evidence of May 24, 29,30, 2001 Trial - Verdicts and Hearing on Motion to set verdicts aside before Spurlock,J |
| 07/31/2001 | | Court Reporter K.Canty is hereby notified to prepare one copy of the transcript of the evidence of May 25,2001 for trial before Spurlock,J. |
| 07/31/2001 | 24.0 | Court Reporter N.Gagnon is hereby notified to prepare one copy of the transcript of the evidence of June 27,2001 for disposition before Spurlock,J. Certificate of Clerk-filed.. |
| 08/02/2001 | | Victim-witness fee paid as assessed in the amount of $60.00 |
| 08/02/2001 | | Drug fee paid as assessed in the amount of $150.00 |
| 09/10/2001 | | Transcript of testimony received from N,Gagnon, Court Reporter. |
| 04/02/2002 | | Transcript of testimony received from N,King, Court Reporter. |
| 06/18/2002 | | Entry of 6/27/2001 amended to read that defendant deemed to have served 47 days awaiting disposition instead of 28 on offense #001. |
| 06/25/2002 | | Letter of Correction refelcting a total of 47 days credit sent to Records Department, MCI Concord & to defendant this day.   Duplicate Mittimus as to #002 sent to Records Dept - MCI Concord for assurance - this day. |
| 07/01/2002 | | Second notice sent to Court Reporters D.Cullinan and M.McDonald Re: Transcripts. |
| 09/19/2002 | | Transcript of testimony received from D.Cullinan, Court Reporter. |
| 10/03/2002 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 10/07/2002 | | Notice sent to attorneys that transcripts are available. |
| 10/11/2002 | 25.0 | Certificate of delivery of transcript by clerk filed. |
| 10/17/2002 | 26.0 | Certificate of delivery of transcript by clerk filed. |
| 10/21/2002 | | Notice of completion of assembly of record sent to clerk of Appeals Court and attorneys for the Commonwealth and defendant. |
| 10/21/2002 | | Two (2) certified copies of docket entries, original and copy of transcript, two (2) copies of exhibit list and list of documents, Copy of #10 and 21, each transmitted to clerk of appellate court.(R.Daly,ADA -M.King, ADA - R,Maggi,Attornsy for the defendant) |
| 10/23/2002 | 27.0 | Notice of docket entry from the Appeals Court was entered in this court on October 21, 2002. |
| 02/20/2004 | | Evidence delivered to Boston Police Department evidence officer. |
| 04/13/2004 | 28.0 | Letter received from D.O.C. and per order of Spurlock RAJ case is set down for resentencing on offense #002. (notice sent to ADA King, Attys J. McNab and Richard Maggi) |
| 04/28/2004 | | Defendant brought into court. |
| 04/28/2004 | | After hearing re: #002 - Sentence Revoked and Revised to read M.C.I. |

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Criminal Docket

## SUCR2000-10324
## Commonwealth v Teal, Frederick

| Date | Paper | Text |
|---|---|---|
| | | Cedar Junction - Not more than: (2 1/2) Two and a half years and (1) One day - Not less than: (2 1/2) Two and a half years. "FROM and AFTER" sentence imposed on #001. (mitt issued) Spurlock,J. - M. King, ADA - P. Connolly, Court Reporter - J. McNab, Attorney. |
| 05/06/2004 | 29.0 | Rescript received from Appeals Court; judgment AFFIRMED (M. King, ADA and R. Maggi, Attorney notified) |
| 08/19/2004 | 30.0 | Defendant's motion for free transcripts, filed. (Spurlock, RAJ notified w/copy and docket sheets) |
| 09/13/2004 | | Motion (P#30) denied (Charles T Spurlock). |
| 02/04/2005 | 31.0 | Deft files pro-se: motion for Court to Reconsider it's 2 1/2 years to 2 1/2 years and one day sentence imposed on April 28, 2004, Pursuant to Mass. R. Crim P. Rule 29 (a) and request for hearing with memorandum in support of. (Spurlock, J notified 2/9/05) |

## EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 03/20/2000 | Magistrate Ctrm 706 | Arraignment | Event held as scheduled |
| 04/04/2000 | Magistrate Ctrm 706 | Arraignment | Event canceled not re-scheduled |
| 05/09/2000 | Magistrate Ctrm 706 | Conference: Pre-Trial | Event held as scheduled |
| | | continuance by agreement | |
| 06/22/2000 | Magistrate Ctrm 706 | Hearing: Non-eviden-Discovery | Event held as scheduled |
| | | by agreement - motions to be filed 6/15/00 | |
| 07/28/2000 | Magistrate Ctrm 706 | Hearing: Non-eviden-Discovery | Event held as scheduled |
| | | Continuance by agreement. | |
| 09/21/2000 | Magistrate Ctrm 706 | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement re: Commonwealth's discovery compliance | |
| 10/30/2000 | Magistrate Ctrm 706 | Hearing: Non-eviden-Discovery | Event held as scheduled |
| | | Continuance by agreement. Motions to be filed by 10/16/00. | |
| 12/05/2000 | Magistrate Ctrm 706 | Conference: Trial Assignment | Event held as scheduled |
| | | by agreement. | |
| 01/26/2001 | Criminal 4 Ctrm 815 | TRIAL: by jury | Event canceled not re-scheduled |
| 02/26/2001 | Criminal 4 Ctrm 815 | TRIAL: by jury | Event held as scheduled |
| 04/02/2001 | Criminal 6 Ctrm 906 | Hearing: Motion | Event held as scheduled |
| 04/19/2001 | Criminal 6 Ctrm 906 | Conference: Trial Assignment | Event not held--scheduled for another date |
| 05/24/2001 | Criminal 6 Ctrm 906 | TRIAL: by jury | Event canceled not re-scheduled |
| 05/24/2001 | Criminal 2 Ctrm 806 | TRIAL: by jury | Trial begins |
| 05/29/2001 | Criminal 2 Ctrm 806 | TRIAL: by jury | Event held as scheduled |
| 06/27/2001 | Criminal 1 Ctrm 704 | Hearing: Sentence Imposition | Event held as scheduled |
| 04/28/2004 | Criminal 2 Ctrm 806 | Hearing: Sentence Revise/Revoke | Event held as scheduled |
| | | On offense #002. Court orders a writ of habeas corpus to MCI Norfolk for 4/28/2004. Writ issued. | |

## BAIL

| | |
|---|---|
| **Bail Type** | Cash |
| **Bail Amount** | $7,500.00 |
| **Bail Status** | Returned |
| **Status Date** | 05/31/2001 |